UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Leverne Eugene Fortson | ) | CASE NO.: 4:25CV1319 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Warden D. Fender | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* petitioner Leverne Eugene Fortson, a federal detainee currently in custody at Northeast Ohio Correctional Center, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on June 25, 2025 (Doc. No. 1). Petitioner challenges his conviction on June 5, 2025, in this District Court in *United States v. Fortson*, Case No. 5:24 CR 00295 (N.D. Ohio Aug. 20, 2024). Specifically, Petitioner alleges the criminal proceedings violated his constitutional rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments, including the lack of federal jurisdiction and the government's failure to provide exculpatory evidence. (*See* Doc. No. 1). At the time of this order, Petitioner is scheduled for sentencing on September 23, 2025. And on July 14, 2025, Petitioner appealed his conviction to the Sixth Circuit Court of Appeals.

Federal district courts must conduct an initial review of habeas corpus petitions. *See* 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A court must deny a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in the district court. Rule

4 of the Rules Governing § 2254 Cases (applicable to § 2241 petitions pursuant to Rule 1(b)).

A pretrial detainee may pursue habeas relief under 28 U.S.C. § 2241. *Girts v. Yanai*, 600 F.3d 576, 587 (6th Cir. 2010); *Atkins v. Michigan*, 644 F.2d 543, 546 n. 1 (6th Cir. 1981). Courts should abstain from exercising jurisdiction, however, where the issues raised in the federal habeas petition may be resolved at trial or by other available procedures. *See Fay v. Noia*, 372 U.S. 391, 417-20 (1963); *Horning v. Seifart*, 107 F.3d 11, 1997 WL 58620, *1 (6th Cir. Feb. 11, 1997) (citing *Jones v. Perkins*, 245 U.S. 390, 391 (1918), and *Riggins v. United States*, 199 U.S. 547 (1905) and ruling that Section 2241 petition was properly dismissed because it was an improper means to raise defenses to a pending criminal prosecution). Moreover, when a federal detainee's habeas claims would be dispositive of pending federal criminal charges, those claims must be exhausted at trial and on direct appeal before habeas relief is available. *See Sandles v. Hemingway*, 22 Fed.App'x. 557 (6th Cir. 2001) (citing *Moore v. United States*, 875 F. Supp. 620, 624 (D. Neb. 1994)); *Flowers v. Edwards*, 780 F.2d 1020, 1984 WL 13977, *1 (6th Cir. Nov. 18, 1985) (unpublished)); *White v. Terris*, No. 2:15-CV-12349, 2015 WL 4617912, *2 (E.D. Mich. July 31, 2015) (summarily dismissing Section 2241 petition where petitioner had yet to be sentenced and had filed a notice of appeal).

Here, Petitioner has not yet been sentenced in his criminal case, and he filed a notice of appeal mere days ago. Fortson's petition is therefore premature.

Moreover, a habeas corpus petition under Section 2241 is appropriate for claims challenging "'the execution or manner in which the sentence is served'-- those things occurring within prison." *Taylor v. Owens*, 990 F.3d 493, 495-96 (6th Cir. 2021) (quoting

2

*Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam)). To challenge the legality of a conviction or sentence, a federal inmate must file with the trial court a motion to vacate his or her conviction under 28 U.S.C. § 2255. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). The remedy afforded under Section 2241 is not an additional, alternative, or supplemental remedy to that prescribed under Section 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

For the foregoing reasons, the Court DENIES the Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2241 (Doc. No. 1) and DISMISSES WITHOUT PREJUDICE this action pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

August 1, 2025            /s/ *John R. Adams*
                                             JUDGE JOHN R. ADAMS
                                             UNITED STATES DISTRICT COURT